UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
REZA FALLAHI et al.,                                              :
                                                                  :
                                      Plaintiffs,                 :
                                                                  :       22-CV-7013 (JMF)
                  -v-                                             :
                                                                  :       MEMORANDUM OPINION
SAYYID EBRAHIM RAISOLSADATI,                                      :       AND ORDER
                                                                  :
                                      Defendant.                  :
                                                                  :
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

In this case, familiarity with which is presumed, Plaintiffs bring claims against Defendant Sayyid Ebrahim Raisolsadati (also known as Ebrahim Raisi), the President of the Islamic Republic of Iran, pursuant to the Alien Tort Statute, 28 U.S.C. § 1350, and the Torture Victim Protection Act, *id.* § 1350 note, alleging that Raisi was responsible for either their torture or the torture and extrajudicial killings of their relatives in a massacre of political prisoners that took place in Iran in 1988. *See* ECF No. 17. On September 7, 2022, Plaintiffs filed an "*ex parte*" motion, pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and N.Y. C.P.L.R. § 308(5), seeking leave to effect substitute service on Raisi. *See* ECF No. 7. In particular, Plaintiffs seek leave to deliver the summons, complaint, and related papers to a member of Raisi's security detail while he is in this District attending the opening of the General Assembly of the United Nations, where he is scheduled to give a speech tomorrow. *See id.* at 1-2.

On September 12, 2022, the Court ordered Plaintiffs to serve a copy of their motion on the United States Attorney's Office for the Southern District of New York to enable the Government to submit its views pursuant to 28 U.S.C. § 517. *See* ECF No. 8. On September 16, 2022, the Government filed a Suggestion of Immunity, arguing that the Court should deny

Plaintiffs' motion because Raisi is "immune from service of legal process under the circumstances presented." ECF No. 12 ("U.S. Statement"), at 1. In particular, the Government argues that Raisi is immune from service of process during his anticipated visit to New York for two reasons: (1) pursuant to the doctrine of head of state immunity; and (2) under the Convention on the Privileges and Immunities of the United Nations ("CPIUN"), adopted Feb. 13, 1946, 21 U.S.T. 1418, 1 U.N.T.S. 16; and the Vienna Convention on Diplomatic Relations ("Vienna Convention"), 23 U.S.T. 3227, T.I.A.S. No. 7502, 500 U.N.T.S. 95 (entered into force with respect to the United States on Dec. 13, 1972). *See* U.S. Statement 2-9. On September 19, 2022, Plaintiffs filed a response to the Government's Suggestion of Immunity, *see* ECF No. 18, a corrected version of which they refiled this morning, *see* ECF No. 19 ("Pls.' Response").

Upon review of the motion papers, the Court is compelled to, and does, deny Plaintiffs' motion for substitute service on the ground that the CPIUN and the Vienna Convention provide Raisi with immunity from legal process while he is in the United States for the opening of the United Nations General Assembly. That conclusion is mandated by *Tachiona v. United States*, 386 F.3d 205 (2d Cir. 2004), in which the Second Circuit squarely held that, pursuant to Section 11(g) of the CPIUN, representatives of United Nations member states — a category that indisputably includes Raisi during his anticipated visit — are protected by the "inviolability principle" of Article 29 of the Vienna Convention, which generally precludes service of process on persons entitled to diplomatic immunity. *See* 386 F.3d at 221-22, 224; *see also Brzak v. United Nations*, 597 F.3d 107, 113 (2d Cir. 2010) (reaffirming that "current diplomatic envoys enjoy absolute immunity from civil . . . process" under the Vienna Convention). Plaintiffs ask the Court to ignore *Tachiona* by arguing that "today, states are less automatically deferential than they were in 2004 . . . to asserted claims of immunity by diplomats accused of crimes, especially

2

when those offenses have an international dimension." Pls.' Reply 16.  But the only authority Plaintiffs cite in support of that assertion is a *Politico* article reporting that, "in 2021, a court in Belgium tried, convicted, and sentenced . . . an accredited senior Iranian diplomat . . . for a (thankfully failed) attempt to bomb the 2018 Paris Free Iran World Summit." *Id.*  That is not a basis for the Court to ignore a binding Second Circuit decision that is squarely on point.

      Plaintiffs' allegations in this case are serious and the Court is certainly sympathetic to their desire to have their day in court.  But the Court's sympathy does not permit it to disregard the law.  To be clear, the Court need not and does not decide here whether Raisi would be immune *from suit* pursuant to the doctrine of head of state immunity or otherwise.  To resolve Plaintiffs' motion, it suffices to hold that Raisi is immune from service of process while he is here for the opening of the United Nations General Assembly.  Whether or to what extent Raisi ultimately has to answer for Plaintiffs' claims are questions for another day.  Accordingly, Plaintiffs' motion for substitute service must be and is DENIED.

      The Clerk of Court is directed to terminate ECF No. 7.

      SO ORDERED.

Dated: September 20, 2022  
      New York, New York

                                            JESSE M. FURMAN  
                                            United States District Judge