UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                          :
REZA FALLAHI et al.,                                      :
                                                          :
                              Plaintiffs,                 :
                                                          :               22-CV-7013 (JMF)
             -v-                                          :
                                                          :        MEMORANDUM OPINION
SAYYID EBRAHIM RAISOLSADATI,                              :             AND ORDER
                                                          :
                              Defendant.                  :
                                                          :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       In this case, familiarity with which is presumed, Plaintiffs bring claims against Defendant

Sayyid Ebrahim Raisolsadati (also known as Ebrahim Raisi), the President of the Islamic

Republic of Iran, pursuant to the Alien Tort Statute, 28 U.S.C. § 1350, and the Torture Victim

Protection Act, *id.* § 1350 note, alleging that Raisi was responsible for either their torture or the

torture and extrajudicial killings of their relatives in a massacre of political prisoners in 1988.

*See* ECF No. 17.  On September 7, 2022, Plaintiffs filed an "*ex parte*" motion, seeking leave to

effect substitute service on Raisi while he was in this District for the opening of the General

Assembly of the United Nations.  *See* ECF No. 7, at 1-2.

       On September 12, 2022, the Court ordered Plaintiffs to serve a copy of their motion on

the United States Attorney's Office for the Southern District of New York to enable the

Government to submit its views pursuant to 28 U.S.C. § 517.  *See* ECF No. 8.  On September 16,

2022, the Government filed a Suggestion of Immunity, arguing that the Court should deny

Plaintiffs' motion because Raisi is "immune from service of legal process under the

circumstances presented."  ECF No. 12 ("U.S. Statement"), at 1.  More specifically, the

Government contended that Raisi was immune from service of process during his anticipated

visit to New York for two reasons: (1) pursuant to the doctrine of head of state immunity; and

(2) under the Convention on the Privileges and Immunities of the United Nations ("CPIUN"),

adopted Feb. 13, 1946, 21 U.S.T. 1418, 1 U.N.T.S. 16; and the Vienna Convention on

Diplomatic Relations ("Vienna Convention"), 23 U.S.T. 3227, T.I.A.S. No. 7502, 500 U.N.T.S.

95 (entered into force with respect to the United States on Dec. 13, 1972).  *See* U.S. Statement 2-

9.  On September 20, 2022, the Court denied Plaintiffs' motion "on the ground that the CPIUN

and the Vienna Convention provide[d] Raisi with immunity from legal process while he [was] in

the United States for the opening of the United Nations General Assembly."  ECF No. 21

("Mem. Op."), at 2.  Significantly, the Court expressly declined to reach the question of "whether

Raisi would be immune *from suit* pursuant to the doctrine of head of state immunity or

otherwise."  *Id.* at 3.  "To resolve Plaintiffs' motion," the Court explained, "it suffice[d] to hold

that Raisi [was] immune from service of process while he [was] here for the opening of the

United Nations General Assembly.  Whether or to what extent Raisi ultimately has to answer for

Plaintiffs' claims are questions for another day."  *Id.*

        That day has drawn closer, as Plaintiffs have now filed another "*ex parte*" motion seeking

leave to effect substitute service on Raisi, this time outside the United States, by one or more of

the following methods: registered courier; hand-delivery from the U.S. Interests Section of the

Embassy of Switzerland in Tehran; hand-delivery to the Iranian Interests Section at the Embassy

of Pakistan in Washington; hand-delivery to the Iranian Embassies in Berlin, Paris, and/or

London; or by publication.  *See* ECF No. 23.  Plaintiffs argue that the Court should grant the

motion and, once again, defer the question of whether Raisi is entitled to head of state immunity

because "[i]mmunity is an affirmative defense to personal jurisdiction" that would be forfeited if

"not raised either by Defendant or by the Government as intervenor."  *Id.* at 4.  Plaintiffs note

that, "[a]t the appropriate time," they would "argue that Defendant is not entitled to the privilege of personal immunity from suit for at least four reasons," which they summarize. *Id.* 4-6 (footnote omitted).

The Court is inclined to think that the Government's Suggestion of Immunity compels denial of Plaintiffs' motion — if not dismissal outright of Plaintiffs' suit. *See, e.g.*, *Habyarimana v. Kagame*, 696 F.3d 1029, 1032 (10th Cir. 2012) ("We must accept the United States' suggestion that a foreign head of state is immune from suit — even for acts committed prior to assuming office — as a conclusive determination by the political arm of the Government that the continued exercise of jurisdiction interferes with the proper conduct of our foreign relations." (cleaned up)); *accord Ye v. Zemin,* 383 F.3d 620, 626 (7th Cir. 2004) ("[A] determination by the Executive Branch that a foreign head of state is immune from suit is conclusive and a court must accept such a determination without reference to the underlying claims of a plaintiff."). But there is some ambiguity in the Government's Suggestion of Immunity. On the one hand, it states, without apparent limitation, that "the Department of State's recognition that President Raisi enjoys personal inviolability that precludes service of legal process while he serves as a foreign head of government . . . is conclusive, and should be recognized by this Court." U.S. Statement 8. But elsewhere, it expressly limits its suggestion to the question presented by Plaintiffs' first motion, namely whether Raisi could be served *while he was in New York for the United Nations General Assembly. See, e.g.*, U.S. Statement 1 ("President Raisi is immune from service of process *during his anticipated attendance at the United Nations General Assembly in New York . . . .*" (emphasis added)); *id.* at 2 ("In light of President Raisi's immunity from legal process *during his anticipated visit to New York*, the motion should be denied." (emphasis added)); *id.* at 8 ("[T]he Office of the Legal Adviser has

informed the Department of Justice that the State Department recognizes President Raisi's immunity from service of process *in the United States* during his tenure as President of the Islamic Republic of Iran." (emphasis added)).  And nowhere did the United States offer a suggestion with respect to whether Raisi is immune *from suit* as head of the Iranian government.

In light of the foregoing, and out of an abundance of caution, the Court invites the United States to file a supplemental submission addressing Plaintiffs' latest motion and, more broadly, whether Raisi is entitled to immunity from suit (so long as he remains President of Iran).  Any such submission shall be filed by **November 22, 2022**.  Plaintiffs shall file any response to any supplemental submission by the United States by **November 30, 2022**.

Finally, in light of the fact that Defendant has not been served, let alone appeared, the initial pretrial conference currently scheduled for November 15, 2022, is ADJOURNED *sine die*.

SO ORDERED.

Dated: November 9, 2022
       New York, New York

_____
JESSE M. FURMAN
United States District Judge